UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
UNITED STATES OF AMERICA,

       - against -                           **MEMORANDUM AND ORDER**

STEPHEN SHERAK,                     18 Cr. 812 (NRB)

             Defendant.
-----------------------------------------X
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Presently before the Court is defendant Stephen Sherak's ("Sherak") March 24, 2026 motion for early release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 23 ("Mot."). Sherak was convicted in 2019 of bank fraud and conspiracy to commit theft of government funds and is currently serving the remainder of his seven-year term of imprisonment in home confinement. Id. at 2; see also ECF No. 24 ("Opp.") at 1. Although Sherak's sentence will end on June 29, 2026, he seeks immediate termination of his sentence and/or modification of some of the restrictions of his home confinement. Mot. at 1-2. The government opposed the motion in an April 7 letter brief, Opp., Sherak replied on April 14, ECF No. 25 ("Reply"), and the Government filed a surreply on April 22, ECF No. 26 ("Surreply").

The Court may only modify a defendant's sentence if four conditions are met. First, the defendant must exhaust administrative remedies through the Bureau of Prisons and other

relevant administrators.[1]  18 U.S.C. § 3582(c)(1)(A).  Second, the Court must find that "the factors set forth in section 3553(a) to the extent that they are applicable" weigh in favor of early release.  Id.  Third, defendant must show "extraordinary and compelling reasons warrant[ing]" early release.  Id. § 3582(c)(1)(A)(i).  Fourth, early release or other modifications to the sentence must be "consistent with appliable policy statements issued by the Sentencing Commission."[2]  Id. § 3582(c)(1)(A).  Importantly, "[t]he defendant bears the burden of proving that he is entitled to relief under 18 U.S.C. § 3582."  United States v. Resnick, 451 F. Supp. 3d 262, 266 (S.D.N.Y. 2020) (citing United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992)).

It is unclear whether Sherak is merely seeking to have his location monitoring bracelet, which enforces a 100-mile travel restriction, removed, or whether he is seeking to terminate the remainder of his sentence entirely.  Either way, the application is denied.  Although the Court accepts that the travel and other

---

[1]   Sherak previously submitted a petition for early release on January 22, 2026, which the Court denied for failure to exhaust administrative remedies. See ECF No. 22.  Having now exhausted those administrative remedies, Sherak moves the Court to "consider [his] previously submitted motion for compassionate release" on the merits.  Mot. at 2.

[2]   Because "Congress delegated to the Sentencing Commission to define 'extraordinary and compelling reasons' in its general policy statements," the last two conditions "collapse into a single requirement."  United States v. Phillips, 469 F. Supp. 3d 180, 183 (S.D.N.Y. 2020) (quoting United States v. Torres, No. 87 Cr. 593 (SHS), 2020 WL 2815003, at *5 (S.D.N.Y. June 1, 2020)).

restrictions may interfere with Mr. Sherak's job, this is not an "extraordinary and compelling" circumstance.[3]  See Reply at 5.  Nor has Sherak shown any other set of circumstances that would warrant the termination of the remainder of his sentence.  18 U.S.C. § 3582(c)(1)(A); see also 18 U.S.C. § 3553(a).

For the preceding reasons, defendant's motion is denied in its entirety.  The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 23.

Dated:    New York, New York
          April 28, 2026

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[3]    The parties' submissions largely focus on a factual dispute of whether Mr. Sherak's employer, Mehadrin Dairy, and his manager Philip Rivera, will dismiss him unless the restrictions are removed.  Given that Mr. Sherak has held this job -- with the travel restrictions in place -- since the summer of 2025, and given that his term of imprisonment is set to terminate on June 29, 2026, only two months from now, the Court doubts that Mr. Sherak will lose his job.  Surreply at 2 ("Sherak has not been terminated in the approximately nine months since he began working for Mr. Rivera, or in the approximately three months since his initial motion.  Only two months remain before Sherak is placed on supervised release and no longer subject to RRC supervision.").  However, regardless of whether Mr. Sherak would be terminated from his position because of the 100-mile and other restrictions, that would still not constitute an "extraordinary and compelling" circumstance.